**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4093-18T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

KAREEM COLEMAN, a/k/a
FARAD GREEN,

      Defendant-Appellant.

_____

Submitted March 30, 2020 – Decided May 1, 2020

Before Judges Sumners and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 98-07-3074, 97-06-2715, and 96-12-4031.

Kareem Coleman, appellant pro se.

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Barbara A. Rosenkrans, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Kareem Coleman appeals from the Law Division's March 8, 2019 order dismissing his third petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

Tried by a jury in 1999, Coleman was convicted of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a), and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a), in connection with the April 15, 1998 shooting death of Terrance Barnes in Newark. On November 1, 1999, after merger, the Law Division sentenced Coleman to a thirty-year custodial term, subject to the No Early Release Act, N.J.S.A. 2C:43–7.2. In affirming defendant's conviction and sentence, we described the trial proofs as follows:

> The facts are somewhat complex as there were no actual eyewitnesses to the murder that led to the charges. But there were various witnesses who placed defendant, or someone resembling him, in the area and with a weapon at the time gunshots were heard in the area where the victim's body was found. There was, as well, defendant's rather detailed confession.
>
> [State v. Coleman, No. A-2143-99 (App. Div. January 25, 2002).]

After the Supreme Court denied certification, see State v. Coleman, 172 N.J. 358 (2002), defendant filed his first PCR petition on August 23, 2002, which the court denied without an evidentiary hearing in a January 24, 2011

written opinion and order.[1]  The PCR judge was the same judge who oversaw defendant's Miranda,[2] Wade,[3] and Franks[4] motions, and jury trial more than twelve years earlier.  In his seven-page written decision, the judge noted that defendant, and his appointed PCR counsel, contended that his appellate counsel was constitutionally ineffective for failing to raise arguments that touched defendant's confession, the witness identifications, and issues relating to the arrest warrant.

The judge also indicated that defendant, at the time of oral argument on the petition, "presented his own [120-page] brief in support of the PCR application."  In that pro se supplemental brief, defendant raised fifty-eight points that primarily related to the alleged ineffective assistance of his trial counsel who he claims failed to call witnesses, was deficient in impeaching

---

[1]  We could not determine any explanation in the record for the delay between the filing of defendant's initial petition and the PCR court's January 4, 2011 decision.  As we noted in our unpublished opinion affirming denial of defendant's first PCR petition, "we [could not] account for the undue delay in the Law Division's disposition of this matter."  State v. Coleman, No. A-3918-10 (App. Div. Nov. 19, 2013) (slip op. at 2).

[2]  Miranda v. Arizona, 384 U.S. 436 (1966).

[3]  United States v. Wade, 388 U.S. 218 (1967).

[4]  Franks v. Delaware, 438 U.S. 154 (1978).

witnesses, failed to suppress several identifications, and did not object or move for a mistrial when unduly prejudicial hearsay testimony was elicited. Moreover, defendant claimed that the trial court erred when it gave deficient jury instructions, failed to suppress his statement, and wrongfully excused a juror. Finally, defendant argued that the State's opening and closing arguments were prejudicial, its comments in summation diluted its burden of proof, it introduced perjured evidence, failed to introduce exculpatory evidence, and wrongfully introduced prior witness testimony and prior consistent statements.[5]

In his written opinion, the judge rejected defendant's claims that his appellate counsel was ineffective and concluded defendant failed to satisfy both the performance and prejudice prongs of the Strickland/Fritz[6] paradigm. As to the claims raised in defendant's pro se supplemental brief, the judge stated:

---

[5] The PCR court accepted defendant's pro se supplemental brief, which it reviewed "prior to its decision." The court also noted that it permitted defendant to read excerpts of the brief into the record, and acknowledged that although such a procedure was "clearly violative of the Court [Rules], and prejudicial to the State, which did not have a complete opportunity to supplement its papers," it considered defendant's brief "for the purposes of a complete record."

[6] To prevail on a claim of ineffective assistance of counsel, a defendant must satisfy the two-part test established in Strickland v. Washington, 466 U.S. 668, (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). Specifically, the defendant must show that his attorney's performance was

Many of defendant's pro se arguments are repetitive of his counsel's arguments. In addition, some of these arguments are ludicrous . . . . The other arguments are without merit and concern trial strategy of defense counsel, and arguments as to the [c]ourt's charge and the [v]erdict [s]heet which were rejected by the Appellate Division. These arguments do not present a prima facie case of ineffective assistance of counsel. The court finds [defendant's trial counsel] was extremely effective in his representation at trial.

We affirmed the court's January 24, 2011 order in an unpublished opinion, see Coleman, slip op. at 3,[7] and the Supreme Court denied certification. State v. Coleman, 217 N.J. 623 (2014).

Defendant filed a second PCR petition, which the court denied in a December 17, 2014 written opinion and order. The second PCR judge concluded that defendant's petition was timely as "it was filed within a year of both the Appellate Division's denial of [defendant's] PCR appeal and the New Jersey

_____

deficient and that the "deficient performance prejudiced the defense." Strickland, 466 U.S. at 687.

[7] In his appeal of that order, defendant initially challenged only the alleged errors of his appellate counsel. See Coleman, No. A-3918-10, slip op. at 1. On November 25, 2013, after our opinion was submitted, defendant filed a motion to file a supplemental brief and appendix. We granted that application in a December 2, 2013 order and noted that "[w]e have reviewed [defendant's] pro se supplemental brief and appendix (dated April 3, 2013) and its forty-three points (and associated arguments) and conclude that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2)."

Supreme Court's denial of [his] petition for certification." The PCR judge, nevertheless, noted that defendant's petition failed to make a prima facie showing of ineffective assistance of counsel because he "[had] not shown or alleged that [he] informed [his PCR counsel] that [he] wanted her to raise arguments on appeal" and his counsel "was not obligated to raise issues that [defendant] wanted argued unless [he] informed her that [he] wanted those issues raised." It does not appear defendant perfected an appeal of the second PCR court's December 17, 2014 decision.

Defendant subsequently filed a habeas corpus petition in the United States District Court for the District of New Jersey. In its June 22, 2018 order, the district court stated that defendant "frames his claims for relief in terms of the ineffectiveness of his trial counsel and errors by the trial court" and that "[t]hese claims are cognizable on habeas, but nearly all of the claims are unexhausted." It further noted that it was "not clear . . . that all of the unexhausted claims raised in his habeas petition are patently meritless or procedurally defaulted, i.e. that the state courts would necessarily bar Petitioner from bringing one or more of these claims in a subsequent PCR petition." The court granted defendant's request for a stay to "allow [defendant] to attempt to exhaust his habeas claims to all three levels of the state court."

6

Defendant then filed his third PCR petition on August 8, 2018. In Judge Arthur J. Batista's March 8, 2019 written opinion denying defendant's petition, he relied on Rule 3:22-12(a)(2), which requires that a second or subsequent PCR petition be filed no later than one year after a defendant's discovery of a new rule of constitutional law, the discovery of a factual predicate that could not have been discovered earlier, or the denial of a previous PCR petition and defendant now alleges ineffective assistance of that PCR counsel. Judge Batista determined that "[t]he instant petition [was] untimely considering that [defendant's] second PCR was denied on December 17, 2014" and defendant "neglect[ed] to address this issue . . . thereby giving the court no basis to permit relaxation of the time-bar." More specifically, Judge Batista could not determine whether defendant's claims satisfied the exceptions set forth in Rule 3:22-12(a)(2) as his petition was "simply a photocopy of [defendant's] initial January 14, 2011 PCR, attached to [defendant's] June 22, 2018 United States District Court of New Jersey [o]rder."

Judge Batista also stated that defendant "failed to provide this court with basic documentation including, but not limited to, his habeas petition and [the decision] in [defendant's] initial PCR despite being instructed to do so." Referencing a letter that defendant received from the public defender before

filing his third PCR petition, the judge also emphasized that defendant "was well informed regarding the specificities required for filing a third PCR, namely that the petition must include a statement of claims that remain unexhausted (and those claims only)." Judge Batista concluded defendant's submission prevented the court from making a determination of good cause as defendant merely provided "the entirety of [his] 2011 PCR" arguments. This appeal followed.

On appeal, defendant identifies the same fifty-eight points he raised in his pro se supplemental brief in support of his initial PCR petition and which were rejected by the first PCR court.[8] As Judge Batista correctly concluded, defendant's third PCR petition was untimely and we affirm substantially for the reasons he expressed in his well-reasoned March 8, 2019 written opinion. We offer the following brief comments to amplify the court's factual findings and legal conclusions.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 420 (2004). This standard of review applies to mixed questions

---

[8] In this regard, we have conscientiously reviewed and compared the arguments defendant asserted in his pro se supplemental brief with those contained in his merits brief submitted in support of this appeal. Absent the scrambling of the legal points, many of which contain no attendant legal argument, we discern no substantive difference from the arguments raised before us to those contained in his 2011 submission.

of fact and law. Ibid. Where an evidentiary hearing has not been held, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court." Id. at 421.

"[S]econd or subsequent petition[s] for post-conviction relief shall be dismissed unless: (1) [they are] timely under Rule 3:22-12(a)(2)." State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018) (quoting R. 3:22-4(b)). Rule 3:22-12(a)(2) provides:

> Notwithstanding any other provision in this rule, no second or subsequent petition shall be filed more than one year after the latest of:
>
> (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or
>
> (B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or
>
> (C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.

Defendant failed to establish any of the exceptions listed in Rule 3:22-12(a)(2)(A), (B), or (C). From the record before us, defendant's present PCR petition is untimely under Rule 3:22-12(a)(2)(A) because he claims no newly recognized constitutional right. The petition is also untimely under Rule 3:22-12(a)(2)(C) as it was not filed within one year of the order denying any preceding petition and defendant does not allege ineffectiveness of his previous PCR counsel in any event. Defendant's petition is also untimely under Rule 3:22-12(a)(2)(B) because it was not filed within one year of discovery of the factual predicate for the relief sought nor has defendant established that the "factual predicate could not have been discovered earlier through the exercise of reasonable diligence." In fact, and as noted, defendant's current claims mirror those asserted in 2011 in support of his first PCR petition and are based on alleged errors that took place during his 1999 trial. Further, we have concluded that the strict time bar imposed under Rule 3:22-12(a)(2) may not be ignored or relaxed. Jackson, 454 N.J. Super. at 292-94; see also R. 1:3-4(c) (providing that "[n]either the parties nor the court may . . . enlarge the time specified by . . . [Rule] 3:22-12").

Finally, any claims that a fundamental injustice would occur were we to affirm Judge Batista's order are without merit. Unlike Rule 3:22-12(a)(1)(A),

A-4093-18T3

which applies to the filing of a first PCR petition, <u>Rule</u> 3:22-12(a)(2) does not allow relief from the mandatory time bar based on fundamental injustice. <u>See</u> <u>Jackson</u>, 454 N.J. Super. at 293-94 (explaining that <u>Rule</u> 3:22-12(a)(1)(A), which allows for the late filing of a first PCR petition where excusable neglect and a fundamental injustice are shown, "has no application to second or subsequent petitions"). Thus, because "enlargement of <u>Rule</u> 3:22-12's time limits 'is absolutely prohibited[,]'" <u>id.</u> at 292 (citations omitted), defendant's present PCR petition was properly dismissed as mandated by <u>Rule</u> 3:22-4(b)(1).

To the extent we have not specifically addressed any of defendant's arguments, it is because we find insufficient merit in those contentions to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4093-18T3